Case 1:09-cv-05087-JFK-HBP   Document 98

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar. 6, 2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
AMBAC ASSURANCE CORPORATION,         :
                                     :
                Plaintiff,           :
                                     :   09 Civ. 5087 (JFK)
     -against-                       :   **OPINION & ORDER**
                                     :
ADELANTO PUBLIC UTILITY AUTHORITY,   :
                                     :
                Defendant.           :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Ambac Assurance Corporation ("Ambac") now moves, pursuant to Rule 54 of the Federal Rules of Civil Procedure, for entry of final judgment on its first, second, and fourth claims. Adelanto Public Utility Authority ("Authority") cross-moves for entry of final judgment dismissing its seven counterclaims. Neither motion is opposed. For the reasons that follow, both motions are granted.

## I. Background

    In its November 14, 2011 opinion, this Court dismissed all seven claims asserted in the Authority's First Amended Counterclaim: breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, negligence, negligent misrepresentation, fraud, and unjust enrichment. See Ambac Assurance Corp. v. Adelanto Pub. Util. Auth., No. 09 Civ. 5087, 2011 WL 5553444, at *10 (S.D.N.Y. Nov. 14, 2011). Although not expressly stated in the opinion, each

of the seven claims was dismissed with prejudice. See Fed. R. Civ. P. 41(b).

In its opinion dated January 11, 2013, this Court granted summary judgment for Ambac as to liability and damages for Ambac's first claim and partial summary judgment as to liability on Ambac's second and fourth claims. See Ambac Assurance Corp. v. Adelanto Pub. Util. Auth., No. 09 Civ. 5087, 2013 WL 139557, at *7 (S.D.N.Y. Jan. 11, 2013). On August 29, 2013, this Court set damages for the second and fourth claims. See Ambac Assurance Corp. v. Adelanto Pub. Util. Auth., No. 09 Civ. 5087, 2013 WL 4615404, at *7 (S.D.N.Y. Aug. 29, 2013). This Court has therefore fully resolved Ambac's claims for reimbursement, breach of contract, and attorney's fees and expenses. The only remaining claim is Ambac's third claim, which seeks specific performance of a contract provision requiring the Authority to set its rates at an amount that would allow the Authority to reimburse Ambac.

**II. Discussion**

**A. Legal Standard**

A court may certify a final judgment when (1) there are multiple claims, (2) at least one of the claims has been finally determined, and (3) the court makes an express determination that there is "no just reason for delay." Fed. R. Civ. P. 54(b); see also Info. Res., Inc. v. Dun & Bradstreet Corp., 294 F.3d

2

447, 451 (2d Cir. 2002).  In considering the third factor, a court must be mindful of its role as a "dispatcher" and the need to guard against "piecemeal appeals." Curtiss-Wright Corp. v Gen. Elec. Co., 446 U.S. 1, 8 (1980).  This role requires a court to consider "judicial administrative interests as well as the equities involved." Id.  Appropriate considerations include (1) "whether the claims under review [are] separable from the others remaining to be adjudicated"; (2) "whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"; and (3) the possibility of settlement. Id. at 8 & n.2; see also Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011); New York v. Amro Realty Corp., 936 F.2d 1420, 1426 (2d Cir. 1991).  Although the motions here are unopposed, for a court's Rule 54(b) order to confer appellate jurisdiction, the order must explain the court's considerations as to the third factor. See Novick, 642 F.3d at 310.

### B. Application

The first two factors are clearly satisfied.  First, there are four claims and seven counterclaims.  Second, the Court's previous orders finally determined Ambac's first, second, and fourth claims along with the Authority's seven counterclaims, leaving only Ambac's specific performance claim pending.

3

After careful consideration of the third factor, the Court finds that there is no just reason for delay.  In reaching this conclusion, the Court notes that the remaining specific performance claim is dependent on Ambac's entitlement to, and the amount of, damages.  As this Court has previously noted, specific performance of the reimbursement provision is only appropriate if the Authority cannot pay the damages owed. See Ambac, 2013 WL 139557, at *6.  Indeed, the main factual issue preventing entry of summary judgment on the third claim is whether or not the Authority can already reimburse Ambac for the damages owed on the first, second, and fourth claims. See id.

With that in mind, several considerations lead the Court to conclude that certification of a final judgment would serve judicial administrative interests.  First, certification would allow Ambac to begin enforcing the final judgment on the first, second, and fourth claims.  Both parties agree that this will facilitate settlement of the third claim.  Alternatively, if the Authority wins on appeal, the amount of damages it owes would be diminished.  Such an appellate resolution could also help the parties reach a settlement.  If the Authority owes Ambac no damages or the parties settle, judicial economy would be served because the pending specific performance claim would be moot.

Finally, neither this Court nor any subsequent appellate court would have to decide the same issue more than once.  The

4

third claim is separate from the resolved claims and counterclaims. It involves a discrete provision of the contract that is not implicated in any of the other claims or counterclaims. Furthermore, the Authority only raises two arguments concerning the third claim: "(1) specific performance is not a valid claim for relief, and (2) granting Plaintiff's claim would directly conflict with the California constitution, as Article XIIID . . . imposes certain notice and hearing requirements on the Authority before it can increase rates." Id. Both arguments are unique to this claim. Moreover, although the third claim depends on the apportionment of damages, the certifiable claims and counterclaims are not dependent on resolution of the third claim. There is therefore no danger that a later decision on the third claim would moot an appellate panel's previous decision on the instant claims and counterclaims. See Ginett v. Computer Task Grp., Inc., 962 F.2d 1085, 1094 (2d Cir. 1992) (noting that a district court "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could . . . moot [an appellate] decision on the appealed claim"). For these reasons, the Court finds that judicial economy—at both the trial and appellate level—would best be served by entering final judgment on Ambac's first, second, and fourth claims, as well as all of the Authority's counterclaims.

## III. Conclusion

For the foregoing reasons, the clerk of court is respectfully directed to enter final judgment, pursuant to Rule 54(b), as to Plaintiff's first, second, and fourth claims, as well as to Defendant's first, second, third, fourth, fifth, sixth, and seventh counterclaims.

**SO ORDERED.**

Dated:    New York, New York
          March 5, 2014

                                          _____
                                          John F. Keenan
                                          United States District Judge